## POWELSON v. POWELSON.

CRUELTY as the ground of a divorce, is such conduct in one of the married parties as renders further cohabitation dangerous to the physical safety of the other, or creates in the other such reasonable apprehensions of bodily harm as naturally interferes with the discharge of marital duty.

Any conduct sufficiently aggravated to produce ill-health, or bodily pain, though operating primarily upon the mind only, is legal cruelty.

Where it appeared that the defendant was in the habit of using towards the plaintiff, his wife, vile and abusive language, falsely charging her with adulterous intercourse—that she was a weak, nervous woman, modest in her deportment, and amiable in her disposition—and that the conduct of the defendant caused her much mental suffering, producing fits of illness, and threatening permanent injury to her health : *held*, that plaintiff was entitled to a divorce on the ground of extreme cruelty.

APPEAL from the Sixth Judicial District.

The facts appear in the opinion.

*George Cadwallader*, for Appellant.

" Cruelty is such conduct in one of the married parties as renders further cohabitation dangerous to the physical safety of the other, or creates in the other such reasonable apprehension of bodily harm as naturally interferes with the discharge of marital duty." (Bishop on Mar. and Div. Sec. 454.)

In *Rice* v. *Rice* (6 Ind. 100), the Supreme Court of that State, reviewing an instruction (refused by the Court below) to the effect that a mere charge of adultery did not constitute cruelty, said: " We may remark of that instruction, that it seems to contemplate an entirely physical, sensual view of the married relation, and if that relation has no aim to the social happiness and mutual enjoyments of those united in it, the instruction should have been given ; but if it is otherwise—if it be true that we are possessed of social, moral, and intellectual natures, with wants to be supplied, with susceptibilities of pain and pleasure ; if they can be wounded and healed as well as the physical part, with accompanying suffering and delight—then, we think, that conduct which produces perpetual social sorrow, although physical food be not withheld, may be well classed as cruel, and entitle the sufferer to relief." In *Lewis* v. *Lewis* (5 Missouri, 278), the Supreme Court said : " Petitioner for divorce charged that her husband had offered her such personal indignities as rendered her condition intolerable : *held*, that charges of infidelity made by the husband, without any just cause, were such personal indignities as the statute contemplated, and good ground for a divorce." The charge of adulterous intercourse against the wife, if groundless, is undoubtedly an act of gross cruelty, said the Supreme Court, in the case of *Pinkard* v. *Pinkard* (14 Texas, 365). In *Elmes* v. *Elmes* (9 Barr, Penn. 166), the Court observed : " To render the condition of a wife intolerable and her life burdensome, it is not necessary that there should be blows or cruel and barbarous infliction of batteries that endanger her life. There

may, without that, be such indignities to her person, as to render her life a burden."

(See also *Patterson* v. *Patterson*, 12 English Law Equity, 19; *Butler* v. *Butler*, 1 Parsons, 329; *Evans* v. *Evans*, 1 Hag. Con. 35; *Collett* v. *Collett*, 1 Curt. Ecc. 678; 2 Hawks, 189; *Mogg* v. *Mogg*, 2 Add. Ecc. 292; *Cloburn's Case*, Hetley, 149.)

*Coffroth & Spaulding*, for Respondents.

COPE, C. J. delivered the opinion of the Court—NORTON, J. and CROCKER, J. concurring.

We think the Court below erred in refusing the prayer of the plaintiff for a divorce. The ground of complaint is cruel treatment on the part of the husband, and if any treatment short of physical violence can amount to legal cruelty, we regard the case as fully made out. It appears that the defendant was in the habit of using toward the plaintiff the vilest and most abusive language, falsely charging her with adulterous intercourse; that she is a weak, nervous woman, modest in her deportment, and amiable in her disposition; that the conduct of the defendant caused her much mental suffering, producing fits of illness, and threatening permanent injury to her health, rendering a separation from him necessary.

Cruelty, as defined by Bishop, is such conduct in one of the married parties as renders further cohabitation dangerous to the physical safety of the other, or creates in the other such reasonable apprehension of bodily harm as naturally interferes with the discharge of marital duty. (Bishop on Marriage and Divorce, Sec. 454.) This definition falls strictly within the doctrine of the cases, and in *Morris* v. *Morris* (14 Cal. 76), we adopted it as expressing substantially the meaning of our statute. It seems to be settled, that in order to justify a divorce the harm to be avoided must be bodily harm, and not merely mental, and some of the authorities go so far as to hold that mental suffering, though affecting the health and endangering the physical safety, is not sufficient. The better opinion, however, is opposed to this view, and we think that any conduct sufficiently aggravated to produce ill-health or bodily pain, though operating primarily upon the mind only, should be re-

garded as legal cruelty. "Suppose," says Bishop, "the body is the only thing to be considered in these cases, yet, if we find various avenues to it, through any one of which may run the waters to drown its life or its health, surely we cannot say that the approaches through one avenue shall be left open by the law, while the others are closed." (Sec. 468.)

We shall not attempt a review of the authorities, but will refer to the case of *Butler* v. *Butler* (1 Parsons, 329), in which the subject is discussed with learning and ability. After an elaborate examination of the cases, the Court say: "A husband may, by a course of humiliating insults and annoyances, practiced in the various forms which ingenious malice could readily devise, eventually destroy the life or health of his wife, although such conduct may be unaccompanied by violence, positive or threatened. Would the wife have no remedy, in such circumstances, under our divorce laws, because actual or threatened personal violence formed no element in such cruelty? The answer to this question seems free from difficulty, when the subject is considered with reference to the principles on which the divorce for cruelty is predicated. The Courts intervene to dissolve the marriage bond, under this head, for the conservation of the life or health of the wife, endangered by the treatment of the husband. The cruelty is judged from its effects, not solely from the means by which those effects are produced. To hold absolutely that if a husband avoids positive or threatened personal violence, the wife has no legal protection against any means, short of these, which he may resort to, and which may destroy her life or health, is to invite such a system of infliction by the immunity given the wrongdoer. The more rational application of the doctrine of cruelty is, to consider a course of marital unkindness with reference to the effect it must necessarily produce on the life or health of the wife; and, if it has been such as to affect or injure either, to regard it as true legal cruelty."

These views, the justice and humanity of which must be apparent to all, we regard as a sound exposition of the law; and we have only to say, in conclusion, that we consider the evidence in this case as bringing it within the principle laid down.

The judgment is reversed, and the cause remanded for a new trial.