[Crim. No. 4445.    First Dist., Div. Three.    May 4, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. PAUL C. STODDARD, Defendant and Appellant.

Kilday, Nemer & Farbstein and George J. Kilday for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—A sexual psychopath is defined as one affected with specified mental conditions "in a form predisposing to the commission of sexual offenses, and in a degree constituting him a menace to the health or safety of others" (Welf. & Inst. Code, § 5500).[1] Our question is whether the threat of psychological trauma to others, without likelihood of physical injury, constitutes such a menace.

Defendant pleaded guilty to a misdemeanor charge of indecent exposure (Pen. Code, § 314, subd. 1), and was certified to the superior court for determination of sexual psychopathy. Four psychiatrists filed written reports and testified orally. All agreed that defendant is affected with a mental disorder which predisposes to the commission of such offenses, in that at times he has an irresistible urge to expose his sex organ to young girls, but that there is no likelihood of physical contact with them. Three felt that this predisposition does not constitute him a menace within the statutory definition. The fourth disagreed. The court found that there is sufficient cause to believe that he is a sexual psychopath, and ordered him temporarily committed to Atascadero State Hospital for a period not to exceed 90 days for observation and diagnosis. Defendant appeals. Appealability of the order is not argued.

Defendant contends that only the threat of physical injury can constitute one a "menace to the health or safety of others," and that since there is no likelihood of physical contact in repetition of his exhibitionism, he cannot be deemed a sexual psychopath. He cites dictionary definitions of "menace" as a show of intent "to inflict an evil or injury upon another" (Black's Law Dictionary (3d ed.); Webster's New Collegiate Dictionary (1960)). ▇▇ But these do not aid him, for an "evil" may be "something that is injurious to moral or physical happiness or welfare" (Webster's Third New International Dictionary). The same work, in

[1]Both the designation and the definition of such a person were changed by the 1963 amendment, but this case was tried before its effective date.

defining "injury" quotes the passage: "mental or emotional upset is just as truly an injury to the body as a bone fracture." More than 100 years ago, it was judicially recognized that "any conduct sufficiently aggravated to produce ill-health or bodily pain," though operating upon the mind only, should be regarded as legal cruelty (*Powelson* v. Powelson, 22 Cal. 358, 360-361). ■ We have no hesitancy in holding that the threat of psychological trauma is quite as much a "menace to the health or safety of others" as is probable physical injury.

■ One psychiatrist testified directly that renewal of appellant's exhibitionism would cause serious psychological injury to some of the young girls who are its likely victims. While there was some contradictory testimony, this is sufficient to support the trial court's finding.

Order of commitment affirmed.

Salsman, J., and Devine, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 1, 1964.