596 P.2d 442

The STATE of Idaho, Plaintiff-Respondent,

v.

Kurt PETERMAN, Defendant-Appellant.

No. 12754.

Supreme Court of Idaho.

June 19, 1979.

Klaus Wiebe, Ada County Public Defender, John C. Lynn, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., Larry K. Harvey, Chief Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Defendant-appellant Kurt Peterman was charged with the crime of receiving stolen property under I.C. § 18–4612. Peterman was convicted of the crime after trial to a jury. The issues raised on this appeal from appellant's conviction concern jury instruction no. 18, which was given to the jury as follows:

> Possession of recently stolen property, if not satisfactorily explained, is ordinarily a circumstance from which you may reasonably draw the inference and find, in the light of the surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen.

> However, you are never required to make this inference. It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence in this case warrant any inference which the law permits the jury to draw from the possession of recently stolen property.

Appellant maintains that the above instruction violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution because: (1) the inference permitted by the instruction shifted the burden of proof from the State to appellant with regards to the issue of guilty knowledge or belief that the property was stolen; and (2) the instruction infringed upon his privilege against self incrimination because it implied that appellant must testify in order to explain his possession of the the stolen property. We will address each of appellant's arguments in the order they are presented above.

■ This court recently held that the inference permitted by instruction no. 18 is valid in prosecutions for receipt of stolen property. In *State v. Trowbridge*, 97 Idaho 93, 540 P.2d 278 (1975), we stated:

"[I]n prosecutions for receipt of stolen property, the trial court may instruct a jury that the unsatisfactorily explained possession of recently stolen property is a circumstance tending to *infer* knowledge of the unlawful character of the property, and that circumstance taken together with a necessary quantum of other incriminating evidence, *may* be used by the jury to reach a verdict, in light of their collective common experience, and the circumstances surrounding the case." 97 Idaho at 97, 540 P.2d at 282.

Our decision in *Trowbridge* is supported by the United States Supreme Court's decision in *Barnes v. United States*, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973), which upheld the inference being challenged here after rejecting arguments identical to those being advanced by appellant Peterman. In the instant case, instruction no. 18 was taken verbatim from the first two paragraphs of the jury instruction which was upheld in *Barnes*. We therefore hold that the inference permitted by instruction no. 18 satisfies the requirements of due process.

Appellant next argues that jury instruction no. 18 infringed upon his privilege against self incrimination by implying that he must testify in order to explain his possession of recently stolen property. As noted above, jury instruction no. 18 was taken verbatim from the first two paragraphs of the jury instruction upheld in *Barnes v. United States, supra*. The last two paragraphs of the *Barnes* instruction, which were omitted from jury instruction no. 18, stated:

"In considering whether possession of recently stolen property has‚ been satisfactorily explained, you are reminded that in the exercise of constitutional rights the accused need not take the witness stand and testify.

"Possession may be satisfactorily explained through other circumstances, other evidence, independent of any testimony of the accused." *Barnes v. United States, supra*, 412 U.S. at 840, n. 3, 93 S.Ct. at 2360.

Appellant's basic contention is that jury instruction no. 18 was improper because the trial court failed to give all the relevant paragraphs of the instruction approved by the United States Supreme Court in *Barnes*.[1]

■ This court agrees with counsel for appellant that giving all the relevant provisions of the *Barnes* instruction is the preferable procedure in prosecutions for receipt of stolen property. However, we cannot say that the trial court's failure to do so in the instant case constituted error. Jury instructions must be considered in their entirety, and error cannot be predicated upon a single instruction or part thereof which may be objectionable when not considered

---

1. Except for one paragraph concerning the specific facts in *Barnes*, the instruction on the inference arising from possession of stolen property which was upheld in *Barnes* states:

"Possession of recently stolen property, if not satisfactorily explained, is ordinarily a circumstance from which you may reasonably draw the inference and find, in the light of the surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen.

"However, you are never required to make this inference. It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence in this case warrant any inference which the law permits the jury to draw from the possession of recently stolen property.

"The term 'recently' is a relative term, and has no fixed meaning. Whether property may be considered as recently stolen depends upon the nature of the property, and all the facts and circumstances shown by the evidence in the case. The longer the period of time since the theft the more doubtful becomes the inference which may reasonably be drawn from unexplained possession.

. . . . .

"In considering whether possession of recently stolen property has been satisfactorily explained, you are reminded that in the exercise of constitutional rights the accused need not take the witness stand and testify.

"Possession may be satisfactorily explained through other circumstances, other evidence, independent of any testimony of the accused." *Barnes v. United States, supra*, 412 U.S. at 840, n. 3, 93 S.Ct. at 2360.

in connection with the instructions as a whole. *State v. Radabaugh*, 93 Idaho 727, 471 P.2d 582 (1970); *State v. Tope*, 86 Idaho 462, 387 P.2d 888 (1963). When jury instructions, taken as a whole, correctly state the law, it will be assumed that the jury gave due consideration to the whole charge, and was not misled by any isolated portion thereof. *State v. Tope, supra*; *Raide v. Dollar*, 34 Idaho 682, 203 P. 469 (1921).

The record in the instant cases indicates that jury instruction no. 21 directed the jury "to consider all the instructions as a whole" and "to regard each in the light of all the others." Jury instruction no. 10 explained direct and circumstantial evidence and instructions nos. 17 and 19 covered the State's burden of proving appellant's guilty knowledge or belief that the property was stolen. Jury instruction no. 20 explained appellant's privilege against self incrimination as follows:

"It is a constitutional right of a defendant in criminal trial that he may not be compelled to testify. Thus the decision as to whether he should testify is left to the defendant, acting with the advice and assistance of his attorney. You must not draw any inference of guilt from the fact that he does not testify, nor should this fact be discussed by you or enter into you[r] deliberations in any way."

When considered with the other jury instructions as a whole, we find no reversible error in the giving of instruction no. 18. The judgment is therefore affirmed.