831 P.2d 555

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Darsi Ann EASTMAN, Defendant–Appellant.**

No. 18934.

Supreme Court of Idaho,
Boise, March 1992 Term.

May 1, 1992.

88

Kenneth S. Gallant and Maureen E. Laflin, Supervising Attys., and Greg Horne, Legal Intern, University of Idaho Legal Aid Clinic, Moscow, for defendant-appellant. Greg Horne argued.

Larry EchoHawk, Atty. Gen. and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent. Myrna A.I. Stahman argued.

McDEVITT, Justice.

The defendant appeals from the judgments of conviction entered after a jury found her in violation of I.C. § 18–8001, driving without privileges, and in violation of I.C. § 18–8004, driving under the influence. The defendant alleges that the trial court erred in refusing a jury instruction based upon I.C. § 18–201(4). We affirm.

The facts are not in dispute. On June 9, 1989, at approximately 7:44 p.m., the defendant was riding as a passenger in a Chevrolet Blazer that was involved in an accident within the city limits of Coeur d'Alene. The Blazer came to rest in the middle of an intersection. When police officers arrived on the scene, they discovered the defendant in the driver's seat of the Blazer, with the motor running, the driver's door wide open, trying to put the Blazer "in gear." The defendant admits that she was attempting to move the vehicle out of the intersection to the side of the road as she felt the Blazer was posing a hazard to traffic.[1]

One of the officers responding to the scene, Officer Brookshire, asked the defendant to turn the ignition off and get out of the Blazer. When the defendant exited the Blazer, the officer immediately noticed the heavy smell of alcohol on the defendant's breath. He asked her if she had been drinking, to which she replied that she had been drinking "a lot" that day. She was either unable or refused to perform field sobriety tests. The defendant was then placed under arrest for driving under the influence, I.C. § 18–8004. The defendant was transported to the police station where she was read I.C. § 18–8002, after which she refused the breath alcohol test.

Subsequent to the arrest for DUI, a records search indicated that the defendant had had her license suspended for non-payment of a traffic infraction. She was then charged with driving while without privileges, I.C. § 18–8001.

At trial, the defendant requested a jury instruction dealing with the defense of "justification," based upon I.C. § 18–201(4). The trial court refused to give the requested instruction and the defendant was found guilty on both charges. The trial court also denied the defendant's post-trial motions for dismissal, a new trial, and a judgment of acquittal. The district court affirmed the judgment of the magistrate court.

---

1. The defendant was not the driver of the Blazer at the time of the accident. The driver had left the Blazer after the accident to make a phone call to get help. The police report indicated there were no physical injuries as a result of the accident.

## ISSUES ON APPEAL

I. DID THE TRIAL COURT ERR IN REFUSING THE DEFENDANT'S JURY INSTRUCTION BASED UPON I.C. § 18–201?

II. DID THE TRIAL COURT ERR IN FAILING TO INSTRUCT THE JURY AS TO THE DEFENDANT'S THEORY OF THE CASE?

## ANALYSIS

### I. THE JURY INSTRUCTION

■ The defendant requested an instruction based upon I.C. § 18–201. The pertinent part of this statute states:

**Persons capable of committing crimes.**—All persons are capable of committing crimes, except those belonging to the following classes: ...

4. Persons (unless the crime be punishable with death) who committed the act or made the omission charged, under threats or menaces sufficient to show that they had a reasonable cause to and did believe their lives would be endangered if they refused.

The requested instruction reiterated the "threats and menaces" language of the statute. The trial court denied the instruction in that no reasonable view of the facts supported the theory.

■ In reviewing the trial court's refusal to give the defendant's instruction, we note that jury instructions are read as a whole to insure that they fully and fairly represent the applicable law. *State v. Aragon*, 107 Idaho 358, 690 P.2d 293 (1984); *State v. Peterman*, 100 Idaho 269, 596 P.2d 442 (1979). A defendant's requested instruction need not be given if it was either an erroneous statement of the law, adequately covered by other instructions, or not supported by the facts of the case. *State v. Olsen*, 103 Idaho 278, 647 P.2d 734 (1982).

■ The first step in our analysis requires us to define the term "threats and menaces" as contained in the statute. The

legislature has failed to statutorily define this term, and this court has not passed upon this issue before. A "threat" is a declaration of an intention to injure another by the commission of an unlawful act. *People v. Hines*, 780 P.2d 556 (Colo.1989); *State v. Schweppe*, 306 Minn. 395, 237 N.W.2d 609 (1975); *State v. Gunzelman*, 210 Kan. 481, 502 P.2d 705 (1972); *Schott v. People*, 174 Colo. 15, 482 P.2d 101 (1971); *Armstrong v. Ellington*, 312 F.Supp. 1119 (W.D.Tenn.1970); *State v. Cushing*, 17 Wash. 544, 50 P. 512 (1897). A "menace" is synonymous with "threat." *State v. Lizotte*, 256 A.2d 439 (Me.1969); *State v. Cruitt*, 200 Kan. 372, 436 P.2d 870 (1968); *People v. Stoddard*, 227 Cal.App.2d 40, 38 Cal.Rptr. 407 (1964); *Clifford v. Great Falls Gas Co.*, 68 Mont. 300, 216 P. 1114 (1923).

■ Our review of the record fails to disclose any evidence to support an instruction on "threats or menaces." An assertion of justification or evidence of justification does not support a requested instruction of "threats or menaces." The trial court did not err in refusing the instruction.

## II. FAILURE TO INSTRUCT AS TO THE DEFENDANT'S THEORY OF THE CASE

■ The defendant asserts that the language in I.C. § 19–2132(a) that "[i]n charging the jury, the court must state to them all matters of law necessary for their information," imposes a duty upon the trial court to *sua sponte* instruct the jury upon the defendant's "theory of the case." Pursuant to this perceived duty, the defendant urges that the trial court erred in failing to instruct the jury as to the defense of necessity. As an alternative, the defendant asserts that the trial court was alerted to the necessity defense by the defendant's requested instruction No. 2.

The defendant's argument would mandate the trial court to instruct the jury upon any defense theory possible. We find no authority for this proposition.

■ A defendant is entitled to an instruction where "there is a reasonable view of the evidence presented in the case that would support" the theory. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992); *State v. Johns*, 112 Idaho 873, 736 P.2d 1327 (1987); *State v. Olsen*, 103 Idaho 278, 647 P.2d 734 (1982); *State v. Beason*, 95 Idaho 267, 506 P.2d 1340 (1973).

■ The defendant misinterprets the statute and the case law. In discussing the duty of a trial court to instruct on lesser included offenses, this Court stated:

> In an effort to reconcile these often conflicting opinions regarding jury instructions concerning lesser included offenses, and recognizing that a defendant as a trial tactic may not desire any instructions regarding lesser included offenses, we are of the view that in the first instance the burden is upon the defendant to request the court to instruct on lesser included offenses. After such a request, whether it is in the form of a proposed instruction or instructions, which may or may not correctly state the law, or merely an oral or written request as disclosed by the record directed to the trial court to instruct on included offenses, the trial court then has a duty to instruct the jury upon all lesser included offenses which the facts and the pleadings of the particular case justify.

*State v. Boyenger*, 95 Idaho 396, 399–400, 509 P.2d 1317, 1320–21 (1973). This analysis is applicable to the present situation. It is incumbent upon the defendant to submit a requested instruction or in some other manner apprise the trial court of the specific instructions requested.

■ In the situation similar to the one presented, when a defendant requests an instruction, the statute requires a two-prong analysis. First, the trial court must determine if the theory presented in the instruction applies to the case. Second, the trial court must then determine if the instruction is a correct statement of the law.

■ If the theory is not supported by the evidence, then the court must reject the instruction. But if the theory is supported by the evidence, then the court must determine if the instruction is a correct statement of law. If it is a correct statement, then the instruction should be given. But

if the instruction is incorrect, then the trial court is under the affirmative duty to properly instruct the jury. In this manner, the defendant is still under the obligation to bring his or her theory or theories to the attention of the trial court. The trial court is not obligated to determine on its own what theories to instruct the jury on. *See State v. Boyenger*, 95 Idaho 396, 509 P.2d 1317 (1973); *see also State v. Olsen*, 103 Idaho 278, 647 P.2d 734 (1982); *State v. Beason*, 95 Idaho 267, 506 P.2d 1340 (1973).

In this case, the defendant failed to ask the trial court for an instruction on necessity. The trial court was not obligated to *sua sponte* instruct the jury on this defense. There was no error.

### CONCLUSION

We affirm the trial court's refusal to give defendant's requested instruction No. 2. We also hold that the trial court did not err in failing to give an instruction on the defense of necessity.

BAKES, C.J., JOHNSON, J., and SCHILLING, J. Pro Tem., concur.

BISTLINE, Justice, dissenting.

The convictions should be reversed pursuant to I.C. § 19–2132(a). That statute requires the trial court to instruct the jury on "all matters of law necessary for their information." In my view, the common law defense of necessity was a matter of law necessary for the fair resolution of the cause by the jury.

Not wishing to rain on the majority's parade of horribles, it nevertheless must be noted that their claim that "[t]he defendant's argument would mandate the trial court to instruct the jury upon any defense theory possible" is a distortion of the appellant's argument. Eastman's argument would only require the trial court to instruct the jury on any defenses necessary for the jury's information. The district court would not have to instruct the jury on theoretical defenses unsupported by any evidence; such are not necessary for the jury's information.

Notwithstanding the majority's protest to the contrary, there is ample authority to support Eastman's position. This Court has long recognized that it is "the duty of the court in criminal actions to give to the jury instructions on the general principles of law pertaining to the case at trial." *State v. Patterson*, 60 Idaho 67, 77, 88 P.2d 493, 497 (1939), quoting *People v. Curran*, 24 Cal.App.2d 673, 75 P.2d 1090, 1092 (Cal. 1938). Ironically, *State v. Beason*, 95 Idaho 267, 275, 506 P.2d 1340, 1348 (1973), a case cited by the majority, lends further support to Eastman's position. There, we interpreted I.C. § 19–2132 [2] as follows:

> This provision requires that the trial court give, on its own motion, pertinent instructions by which the jury may be correctly informed with respect to the nature and elements of the crime charged and to the essential legal principles *applicable* to the evidence that has been admitted. (Emphasis in original.)

We also said in *Beason* that "[t]he court should instruct the jury upon every material question upon which there is evidence deserving consideration." 95 Idaho at 276, 506 P.2d at 1349. As it is undisputed in this case that the defense of necessity was "applicable to the evidence that [was] admitted" and therefore "deserving [of] consideration," it is impossible to see how the majority can conclude that I.C. § 19–2132(a), as interpreted in *Beason*, does not require reversal.

Requiring the court to instruct on all defenses necessary for the jury's information would not place an undue burden upon the trial court. Unlike the majority, I have the highest confidence in the trial judges of this state and I am sure that they are all aware of the applicable defenses to criminal charges. The Legislature apparently shares my confidence that the trial judges will know when the jury will need an instruction setting forth a particular defense and accordingly required the district court to instruct on *all* matters of law necessary to fairly resolve the case. This obligation

---

**2.** Prior to 1977, I.C. § 19–2132 was identical to today's I.C. § 19–2132(a). In 1977, the Legislature amended the statute by designating the old statute as subsection (a) and adding a subsection (b). Act of March 28, 1977, 1977 Idaho Laws ch. 154, § 7 pg. 395.

necessarily includes applicable defenses to the charge, not just the prosecution's theory of the case as the majority would have us believe.

Moreover, most defenses do not need specific instructions. The most common ones—"it wasn't me" and "what I did wasn't a crime"—are usually adequately covered by the standard instructions setting forth the elements of the crime. On the whole, only affirmative defenses will need specific instructions and the number of affirmative defenses in a criminal case which go to the jury are few (e.g. entrapment, duress, self-defense, defense of others or property, necessity).

The majority's reliance on the analysis found in *State v. Boyenger*, 95 Idaho 396, 509 P.2d 1317 (1973), is utterly misplaced. Our statement there, at 95 Idaho 399 and 509 P.2d 1320, that the district court was not required to *sua sponte* instruct the jury as to lesser-included offenses was based upon the "recogn[ition] that a defendant as a trial tactic may not desire any instructions regarding lesser included offenses...." That logic is inapplicable to this case. While a defendant might choose to forego an opportunity to be convicted of a lesser included offense in order to roll the dice in the hope that the jury might acquit him/her on the greater charge, there is absolutely no tactical reason why a defendant would not desire an opportunity for acquittal on the basis of necessity. A review of the record here shows that defense counsel's trial theory was based upon the necessity defense. Thus, the deference we showed in *Boyenger* to the defendant's choice of trial tactics has no application here.

Eastman's reading of subsection (a) is also supported by the amended language of subsection (b)(1) which requires the court to instruct the jury on lesser included offenses only if "[e]ither party requests such an instruction...."[3] If the Legislature had intended subsection (a) to place the burden upon defense counsel to propose

instructions on all affirmative defenses necessary for the jury's information, it would have said so explicitly as it did in subsection (b)(1). It did not and accordingly one can only conclude the Legislature intended to put the burden of completely instructing the jury on the court, with the singular exception of lesser included offenses.

In sum, the evidence supports the giving of a necessity defense instruction—that is, the appellant's testimony, if believed, would entitle her to an acquittal. Thus, it clearly appears that the defense of necessity was an essential legal principle upon which the jury should have been instructed. *State v. Beason*, 95 Idaho at 275, 506 P.2d at 1349. Given our long history of requiring the district court to instruct the jury on all essential legal principles, *State v. Patterson*, 60 Idaho at 77, 88 P.2d at 497, I dissent from the majority's ruling to the contrary.

---

3. In 1988 the Legislature amended I.C. § 19-2132(b) to require the court to instruct the jury upon lesser included instructions only if "[e]ither party requests such an instruction...." Act of April 6, 1988, 1988 Idaho Laws ch. 328, pg. 989–990. From 1977 to 1988, the statute stated the court "shall instruct the jury on lesser included offenses when they are supported by any reasonable view of the evidence."