838 P.2d 885

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Sandra KODESH, Defendant–Appellant.**

No. 18830.

Court of Appeals of Idaho.

Oct. 2, 1992.

Michael J. Wood and Lisa A. Barini–Garcia, Twin Falls, for defendant-appellant. Barini–Garcia, argued.

Larry J. EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., for plaintiff-respondent. Watkins, argued.

SWANSTROM, Judge.

This is an appeal from a judgment of conviction entered upon a jury verdict finding Sandra Kodesh guilty of possession of a controlled substance, cocaine. I.C. §§ 37–2732(c)(1), –2707(b)(4). Kodesh contends that the district court committed reversible error during her trial by admitting evidence lacking the proper foundation and by refusing defense counsel's proposed jury instruction regarding possession of

drug paraphernalia. We affirm the judgment of conviction.

On January 14, 1990, police stopped the vehicle Kodesh was driving because of expired registration tags, but she was arrested for possession of drug paraphernalia, an open container violation and for driving under the influence. She was transported to the Twin Falls Police Department where the contents of the pockets in her clothing were inventoried, along with a small decorative mirror and a razor blade taken by the officer from her vehicle. From one of her jeans' pockets, Kodesh produced a clear plastic pen tube containing the residue of a white powdery substance, later determined to be cocaine. The next day a complaint was filed charging Kodesh with unlawful possession of cocaine, a felony.

At trial, the arresting officer testified that he had scraped the inside of the pen tube with a paper clip in order to field test the white substance. He further testified that he had sealed the pen tube and the paper clip into a small white envelope which he initialled across the gummed edge of the flap of the envelope before labelling it and placing it into the secured evidence locker. The criminologist from the state laboratory then testified that the white envelope from which he took the pen tube encrusted with the powdery substance was intact when he received it. The envelope was sealed and initialled across the gummed flap and appeared not to have been opened. There was over these initials a piece of transparent tape bearing two additional sets of initials (the overlay taping). The persons to whom these initials belonged were not allowed to testify because the state did not timely list them as witnesses.

Kodesh asserts on appeal that the contents of the white envelope, specifically the pen tube containing the residue of cocaine, should not have been admitted as an exhibit at trial because of a gap in the chain of custody. She argues that because no evidence was presented as to who made the two additional sets of initials which appeared on scotch tape that had been placed over the officer's initials at some time prior

to the testing of the substance, there was a break in the chain of custody. Because of this unexplained handling of the evidence, Kodesh contends that the necessary foundation was lacking for the court to admit into evidence the pen tube and the results of the testing of the white powdery substance from the tube.

The admissibility of evidence purporting to be in substantially the same condition when offered as it was when the crime was committed is a matter within the discretion of the trial judge. *State v. Griffith*, 94 Idaho 76, 81, 481 P.2d 34, 39 (1971). "Ordinarily, the party offering the exhibit establishes its chain of custody in order to create a presumption that it was not materially altered." *State v. Crook*, 98 Idaho 383, 384, 565 P.2d 576, 577 (1977). The burden is on the defendant to make some showing that the evidence was tampered or meddled with, to overcome the presumption that the integrity of the evidence routinely handled by governmental officials was suitably preserved. *State v. Ruybal*, 102 Idaho 885, 889, 643 P.2d 835, 839 (Ct.App. 1982). The standard for the admissibility of evidence is whether the trial court can determine, in all reasonable probability, the proffered exhibit has not been changed in any material respect. *State v. Campbell*, 104 Idaho 705, 662 P.2d 1149 (Ct.App.1983).

Here, the district judge overruled defense counsel's objection to the admission of the pen tube containing the white residue and the results of the test on the residue indicating cocaine. The court determined from the testimony of the officer that the white envelope was sealed when it left the officer and that it was sealed in the same way when the criminologist received it. Both witnesses testified that the seal was not broken, even up to the time of trial, the criminologist having cut open the long edge of the envelope to test the contents. The district judge ruled that the question of whether the contents first sealed into the envelope and those tested were the same would be for the jury to decide.

In response to a question by the court, the arresting officer testified that he had

not witnessed the overlay taping or the initialing but was told by the evidence custodians that they were responsible for these additions to the exhibit. When testimony about the appearance of initials on the evidence was made by someone other than the person who wrote those initials, this did not create a break in the chain of custody. *Wright v. State*, 501 P.2d 1360 (Alaska 1972). The record does not reveal that the addition of transparent tape and two sets of initials materially changed the contents of the white envelope. Mere speculation that the evidence was mishandled or tampered with is insufficient to establish a break in the chain of custody. *State v. Wilson*, 120 Idaho 643, 818 P.2d 347 (Ct. App.1991). If there is only the barest speculation that tampering could have occurred, it is proper to admit the evidence and let what doubt there may be go to its weight. *Johnson v. State*, 625 P.2d 1270, 1272 (Okla.1981) (discrepancy of dates on envelope did not create such a doubt about authenticity of exhibit). Accordingly, we find no abuse of discretion on the part of the trial court in the admission into evidence of the contents of the white envelope.

Kodesh's final argument relates to the district court's rejection of the defense's proposed instruction informing the jury of the provisions of I.C. § 37-2734A, possession of drug paraphernalia. As indicated earlier, Kodesh was never charged with this crime following her arrest. In the conference on the instructions, defense counsel first argued that the instruction should be given because possession of drug paraphernalia is a lesser included offense of the crime charged; however, she later conceded that it was not. Citing *State v. Johns*, 112 Idaho 873, 880-81, 736 P.2d 1327, 1334-35 (1987), defense counsel argued that she was nevertheless entitled to have this instruction given to the jury because it was a correct statement of the law, was supported by the evidence and did not constitute an impermissible comment on the evidence. Kodesh's only contention on appeal is that the district court, by refusing her proposed instruction on possession of drug paraphernalia, denied her an instruction presenting her "theory of the case."

■ A trial judge is required to charge the jurors with "all matters necessary for their information" so that the jury may be correctly informed with respect to the nature and elements of the crime charged and any essential legal principles applicable to the evidence admitted. *State v. Evans*, 119 Idaho 383, 385, 807 P.2d 62, 64 (Ct.App. 1991), *citing State v. Beason*, 95 Idaho 267, 506 P.2d 1340 (1973); I.C. § 19-2132(a). The defendant is entitled to instructions on his theory of the case if he presents at least some evidence in support of his position. *State v. Spurr*, 114 Idaho 277, 279, 755 P.2d 1315, 1317 (Ct.App.1988), *citing State v. Pennell*, 108 Idaho 669, 701 P.2d 289 (Ct.App.1985). More to the point, a defendant is entitled to an instruction on every defense or theory of defense having any support in the evidence. *State v. Russo*, 69 Haw. 72, 734 P.2d 156 (1987); *West v. State*, 798 P.2d 1083 (Okl.Cr.1990); *Palmer v. State*, 770 P.2d 296 (Alaska App. 1989).

The state charged Kodesh with possession of a controlled substance and offered the cocaine and its container, the hollow pen tube that was taken from Kodesh, as an exhibit at trial. The court gave an instruction outlining the provisions of I.C. § 37-2732(c)(1) delineating the elements of the crime of possession of a controlled substance and a separate instruction on I.C. § 37-2707(b)(4) classifying cocaine as a schedule II controlled substance. Kodesh did not testify. However, defense counsel, in her argument, characterized the pen tube as paraphernalia used by Kodesh to snort cocaine, and she disputed that Kodesh had any knowledge that any cocaine remained in the pen tube. Urging an instruction on the elements of paraphernalia as her "theory of the case" instruction, defense counsel attempted to create a reasonable doubt as to the charge of possession of cocaine.

Assuming arguendo that there was evidence to support the defense's proposed instruction, a defendant cannot assert a theory of the case unless it provides a defense to the crime charged. If possession of paraphernalia was an included offense in the crime of possession of cocaine, then Kodesh would have the right to have

the jury so instructed, under the evidence in this case. "The court shall instruct the jury with respect to a lesser included offense if ... [e]ither party requests such an instruction; and ... [t]here is a reasonable view of the evidence presented in the case that would support a finding that the defendant committed such lesser included offense but did not commit the greater offense." I.C. § 19–2132. As Kodesh now concedes, however, possession of paraphernalia is not a "lesser included offense" of the crime of possession of cocaine. The instruction requested by Kodesh only served to suggest a crime that could have been, but was not, directly or indirectly charged. The requested instruction did not support any legal defense to the charge of possession of cocaine. The court was not required to give any instruction about the crime of possession of paraphernalia.

By proposing an instruction on paraphernalia, defense counsel was attempting to assert a prosecution's theory—one that the prosecution did not advance because it chose to charge Kodesh only with possession of cocaine, a felony. The broad discretion to charge an offense lies with the prosecutor, *State v. Vetsch,* 101 Idaho 595, 618 P.2d 773 (1980); *State v. Gilbert,* 112 Idaho 805, 736 P.2d 857 (Ct.App.1987), not the defense.

We conclude that the district judge fully instructed the jury on the crime with which Kodesh was charged, specifically the elements which the state would have to prove. The court also provided an instruction on the reasonable doubt standard. Defense counsel was free to argue to the jury that her client may have been guilty only of possession of paraphernalia, but that argument alone would not entitle her to the instruction she requested. We hold that it was not error for the district judge to refuse the defendant's proposed instruction.

The judgment of conviction is affirmed.

WALTERS, C.J., and SILAK, J., concur.