962 P.2d 1023

STATE of Idaho, Plaintiff–Respondent,

v.

**John Raymond BOWERS,
Defendant–Appellant.**

No. 23672.

Supreme Court of Idaho,
Boise, 1998 February Term.

June 24, 1998.

Alan E. Trimming, Ada County Public Defender; John C. DeFranco, Deputy Public Defender, Boise, for appellant. John C. DeFranco argued.

Alan G. Lance, Attorney General; Catherine O. Derden, Deputy Attorney General, Boise, for respondent. Catherine O. Derden argued.

SILAK, Justice.

This case involves an appeal from a ruling of the district court refusing to instruct the jury on the defense of necessity. We affirm.

## I.

### FACTS AND PROCEDURAL BACKGROUND

John Raymond Bowers (Bowers), an inmate at the minimum security division of the Idaho Department of Corrections, was serving a unified ten year sentence, with two years fixed and eight years indeterminate. On the night of February 12, 1996, five months before Bowers was eligible for parole, Bowers escaped from the minimum se-

curity facility with another inmate, Manuel Castro.

The two inmates went to the residence of Bowers' friend, Troy Tunison, in Boise. Bowers made several phone calls from this residence. The police tracked the inmates to this residence, but the two inmates had left the residence before the police arrived. Tunison admitted to the police that he had made arrangements to pick up the inmates at a location near 17th and State Streets. Several detectives went to the location, but the two inmates ran when they saw the police vehicles. Castro eventually stopped and surrendered, but Bowers continued to run and managed to hide.

On February 15, 1996, Bowers went to the work place of Tunison, where Tunison's employer reported Bower's presence to the police. Bowers sat outside until he saw a police car approaching, and then he ran. After a chase and a struggle in which Bowers tried to take the detective's gun, Bowers was arrested.

Bowers claims that he escaped from the correctional facility because he feared for his life due to physical and sexual threats from other inmates. These threats occurred, Bowers claims, because of an incident in which Bowers borrowed a pair of sunglasses from another inmate. These sunglasses were confiscated by one of the prison guards, because inmates were not allowed to have this type of sunglasses. Bowers was then obligated to pay the other inmate for the sunglasses. Since Bowers did not have the money, interest accrued on the debt at a rapid pace.

Bowers testified that he was the victim of a beating, a hand burn, and a threatened sexual assault as a result of the sunglasses incident. At no time did Bowers notify any prison authorities of his fears. Bowers claims that as the deadline on his debt approached he decided to, and did, escape.

After he was apprehended, Bowers was charged with escape under Idaho Code § 18–2505. Bowers pled not guilty and requested a jury trial. Prior to trial, the State made a motion in limine to exclude all evidence relating to the necessity defense. The district court delayed ruling on the motion until after the defense had presented all its evidence. At the close of the defense's case, the court ruled that Bowers had failed to present sufficient evidence to make a prima facie case of necessity, and thus no instruction on the defense of necessity would be given. After a finding of guilt by the jury, Bowers was sentenced to a fixed term of three and one-half years to run consecutively with his current sentence.

## II.

## ISSUE ON APPEAL

The issue on appeal is whether the district judge abused his discretion when refusing to instruct the jury on the requested jury instruction regarding the necessity defense.

## III.

## STANDARD OF REVIEW

██ Whether under a reasonable view of the evidence the evidence supports an instruction to the jury on the affirmative defense of necessity is reviewed under an abuse of discretion standard. *State v. Howley*, 128 Idaho 874, 878, 920 P.2d 391, 395 (1996). When reviewing whether the district court exercised proper discretion, this Court determines: "(1) whether the district court correctly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the district court reached its decision [based] upon an exercise of reason." *Id.* at 879, 920 P.2d at 395.

## IV.

## THE DISTRICT COURT DID NOT ERR BY REFUSING TO INSTRUCT THE JURY ON THE DEFENSE OF NECESSITY OF ESCAPE SINCE THE APPELLANT FAILED TO PRESENT SUFFICIENT EVIDENCE AS TO ALL OF THE ELEMENTS.

Appellant Bowers argues that the district court abused its discretion in concluding that

he had failed to present substantial evidence as to all of the elements of the defense of necessity.

 The elements for the defense of necessity of escape are: (1) a threat of death or danger of serious imminent harm; (2) the futility of reporting the threat to custodial authorities; (3) avoidance of violence during the escape; and (4) the intent to contact another law enforcement agency immediately following the escape. *State v. Mills*, 117 Idaho 534, 537, 789 P.2d 530, 533 (Ct.App. 1990).[1] Recently, in *State v. Howley*, this Court found that the district court had abused its discretion in denying the State's motion in limine to exclude the defense of necessity, stating "the respondents [the defendants] failed to present sufficient evidence to support a jury instruction on the defense of necessity." *Howley*, 128 Idaho at 878, 920 P.2d at 395. A jury instruction need not be given if it is unsupported by the facts of the case or is an erroneous statement of the law. *State v. Eastman*, 122 Idaho 87, 89, 831 P.2d 555, 557 (1992). Therefore, if the defendant fails to present sufficient factual evidence to support all elements of the defense, the instruction need not be given.

 In concluding that the jury would not be instructed as to the necessity defense, the district court determined that Bowers had failed to show substantial evidence as to two of the four elements: (1) the futility of reporting the threat to custodial authorities; and (2) the intent to contact another law enforcement agency immediately following the escape.

The district court did not abuse its discretion in concluding that Bowers did not present sufficient evidence to satisfy all elements of the defense. As to the element of the futility of reporting the threat to custodial authorities, Bowers failed to notify the authorities of the threats from other inmates. Bowers testified that he never notified the authorities prior to the escape because he feared being labeled a "snitch." Bowers also testified that he was aware there was protective custody that he could have been placed in, but failed to choose this option. Additionally, Bowers never received medical treatment from the alleged beating or sought protection from the prison authorities during or after the alleged beating. There was no evidence of any attempt to notify the authorities, and the district court did not abuse its discretion in holding that Bowers had not presented sufficient evidence on this element.

Additionally, there was no evidence of Bowers' intent to contact another law enforcement agency immediately following the escape. After the escape, Bowers had several opportunities to contact the authorities. Bowers testified that he had access to a telephone in many instances. At the residence of Troy Tunison, Bowers failed to call the authorities, although both he and Castro made several phone calls. Additionally, when Castro turned himself in, Bowers kept fleeing, eventually escaping again from the authorities. When finally apprehended, Bowers again ran from the authorities and then wrestled with the police detective, trying to grab his gun.

Bowers argues that he did not turn himself in because he never reached a position of safety, as the inmates who threatened him were still at the penitentiary. If a defendant could satisfy this element by merely saying he had never reached a position of safety, this fourth element would be meaningless. Considering that Bowers presented no evidence of intent to turn himself in to the authorities, the district court did not abuse its discretion in declining to instruct the jury on the defense of necessity. The decision of the district court is affirmed.

## V.

## CONCLUSION

We hold that the district court did not abuse its discretion in denying to instruct the jury on the defense of necessity, and affirm the judgment of conviction.

TROUT, C.J., and JOHNSON, SCHROEDER and WALTERS, JJ., concur.

---

1. Idaho Criminal Jury Instruction 1512 is the instruction for the general defense of necessity, and is not the appropriate instruction to be given in an escape case.