**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41396**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 552 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 15, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GUY LEWIS COULSTON, JR., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Fred M. Gibler, District Judge.

Judgment of conviction for lewd conduct with a child under sixteen, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Guy Lewis Coulston, Jr. appeals from his judgment of conviction for lewd conduct with a child under sixteen. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Coulston was charged with lewd conduct with a child under sixteen. The victim reported the abuse to her high school counselor, who reported it to the police. While investigating the allegation, an officer called Coulston and asked him to go to the police department to meet with the officer. Coulston was given his *Miranda*[1] rights and, after answering some questions, told

_____

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

1

the officer "Guess from here on out, cause I know you guys got your things, better talk to an attorney. I have no idea." The officer continued questioning Coulston, who then made a number of incriminating statements. After being charged, Coulston filed a motion to suppress, arguing that all statements made after he invoked his right to counsel must be suppressed because they were elicited in violation of the Fifth Amendment to the United States Constitution. The district court held that Coulston's request for counsel was ambiguous and denied his motion to suppress. A jury found Coulston guilty of lewd conduct with a child under sixteen. Coulston appeals, challenging the district court's denial of his motion to suppress.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Coulston argues that he invoked his right to counsel and, therefore, the officer was required to discontinue the interrogation. Coulston further argues that, since the officer did not discontinue the interrogation, Coulston's statements were elicited in violation of the Fifth Amendment. Where an individual asserts his or her right to counsel, the interrogation must cease until counsel has been made available or until the individual initiates further communication, exchanges, or conversations with the police. *Edwards v. Arizona*, 451 U.S. 477, 485 (1981). Where an individual has invoked a right to counsel, the police may not continue to interrogate until the individual has either been provided with access to an attorney or reinitiates communication with the police. *Id*.

The sole issue here is whether Coulston's comment that he "better talk to an attorney. I have no idea," was sufficiently clear that a reasonable officer in the circumstances would understand the statement to be a request for an attorney. A suspect must unambiguously request counsel in order to invoke his or her Fifth Amendment right to counsel. *State v. Adamcik*, 152 Idaho 445, 469, 272 P.3d 417, 441 (2012). The suspect must articulate a desire to have counsel

2

present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney. *Id*.

A number of Idaho cases have addressed whether suspects' statements unambiguously invoked the right to counsel. When a suspect asked, "Will I get a lawyer," the Idaho Supreme Court held that the question was not sufficiently clear to invoke the right to counsel. *State v. Varie*, 135 Idaho 848, 853, 26 P.3d 31, 36 (2001). A suspect's statement, "I've got an attorney," did not unambiguously invoke his right to counsel. *State v. Eby*, 136 Idaho 534, 536, 37 P.3d 625, 627 (Ct. App. 2001). A statement, "I think I need advice, man," did not unambiguously invoke the suspect's right to counsel. *State v. Perez*, 145 Idaho 383, 387, 179 P.3d 346, 350 (Ct. App. 2008). Similarly, the United States Supreme Court has held that a suspect's statement, "Maybe I should talk to a lawyer," did not unambiguously invoke the right to counsel. *Davis v. United States*, 512 U.S. 452, 459 (1994). The Court explained that, if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel, our precedents do not require the cessation of questioning. *Id*.

In this case, following the Supreme Court's decision in *Davis*, we hold that Coulston's comment that he "better talk to an attorney. I have no idea," was a reference to an attorney that did not unambiguously invoke his right to counsel. Coulston's comment is quite similar to the comment made by the suspect in *Davis*. Here, as in *Davis*, the comment suggests that Coulston had some doubt regarding whether he wanted to exercise his right to counsel. Coulston's comment was not sufficiently clear that a reasonable officer in light of the circumstances would have understood that Coulston was invoking his right to counsel. Coulston's statement is ambiguous because the "I have no idea" language makes it unclear whether Coulston was asking for an attorney. That Coulston *might* have been asking for counsel was not sufficient to require the officer to cease questioning. Thus, the officer did not violate Coulston's Fifth Amendment right to counsel when he continued to question Coulston. Therefore, the district court did not err in denying Coulston's motion to suppress. Coulston's judgment of conviction for lewd conduct with a child under sixteen is affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.