IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42651

| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 768 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 29, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| LISA MARIE BOAT, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Judgment of conviction for harboring a wanted felon, affirmed.

Sara B. Thomas, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Lisa Marie Boat appeals from the district court's judgment of conviction for harboring a wanted felon, Idaho Code § 18-205. Boat asserts that the district court erred when it refused to give a requested "Threats & Menaces Defense" jury instruction. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2013, Boat and Jose Benitez Jr. were in a romantic relationship when Benitez attempted to strangle Boat. Benitez was convicted of attempted strangulation but he did not appear for his sentencing. As a result, the district court issued a warrant for his arrest. In January 2014, officers made contact with Boat at her residence after they received information that the two had been seen together. Officers asked Boat about Benitez's whereabouts, and Boat

1

was warned that if she helped hide Benitez she could be charged with harboring a wanted fugitive. Boat denied seeing Benitez.

Several days later, officers again made contact with Boat at her residence, which she shared with a Mr. Kirkpatrick, and she denied knowing Benitez's location. Officers then searched the residence and saw insulation lying on the floor directly below a closed access to the home's attic. Boat was asked if Benitez was in the attic and she responded in the negative. The officer testified that Boat seemed calm and relaxed. She was then warned that a canine unit would be sent into the attic to search for Benitez and if he was found, he would be bitten by the canine. The officer testified that Boat then sounded irritated. Boat then whispered to an officer that Benitez was in the attic. The officer testified that Boat seemed disappointed. Ultimately, a canine unit was deployed into the attic, and officers used tasers and physical force to take Benitez into custody. Boat was charged with harboring a wanted felon.

At Boat's trial, evidence was presented of her abusive relationship with Benitez. Officers testified about Benitez's violent tendencies and the strangulation event. One of Boat's acquaintances testified about prior incidents of name calling and an incident of shoving. Boat's acquaintance also testified that after Benitez was found, Boat admitted to her that: (1) she knew Benitez was hiding in the attic; (2) she did not want Benitez to go to jail; and (3) Benitez had not threatened her on the day he was arrested. After all evidence was presented to the jury, the State objected to Boat's proposed "Threats & Menaces Defense" jury instruction.[1] The State argued

---

[1]     The proposed jury instruction read in relevant part:

> The defendant contends that at the time the crime was committed, the defendant was acting under duress or coercion because the defendant was threatened by Jose Benitez and ordered by Jose Benitez to not tell police officers that he was in Lisa [Boat's] home.
> Under the law, a defendant is not guilty of a crime if the defendant committed the act . . . under threats or menaces sufficient to show that the defendant had reasonable cause to and did believe the defendant's life would be endangered if the defendant refused.

ICJI 1509.

> . . . .
> A "threat" is a declaration of an intention to injure another by the commission of an unlawful act; a "menace" is synonymous with "threat". *State v. Eastman*, 122 Idaho 87, 831 P.2d 555 (1992).

ICJI 1509 cmt.

that there was no testimony or evidence that Boat was acting under duress or coercion because Benitez threatened and ordered Boat not to tell police he was in her home. Boat argued that the previous verbal and physical abuse by Benitez constituted an implied ongoing threat to Boat that entitled her to the instruction. The district court found that there was no reasonable connection between a threat--a declaration of intention to injure--and some immediacy to act even considering the prior abuse. The district court refused to give the proposed instruction because "there is just no credible evidence upon which a jury could find this defense in this case." The jury found Boat guilty of harboring a wanted felon in violation of I.C. § 18-205. Boat timely appealed.

## II.

## ANALYSIS

The district court found that there was no reasonable view of the evidence that would support Boat's proposed "Threats & Menaces Defense" jury instruction. A defendant is entitled to have the jury instructed on a defense theory if there is a reasonable view of the evidence that would support the theory. *State v. Eby*, 136 Idaho 534, 539, 37 P.3d 625, 630 (Ct. App. 2001) (citing *State v. Johns*, 112 Idaho 873, 880-81, 736 P.2d 1327, 1334-35 (1987); *State v. Kodesh*, 122 Idaho 756, 758, 838 P.2d 885, 887 (Ct. App. 1992)). Whether a reasonable view of the evidence supports an instruction to the jury is a question committed to the sound discretion of the trial court, and such a determination is reviewed under an abuse of discretion standard. *State v. Bowers*, 131 Idaho 639, 640, 962 P.2d 1023, 1024 (1998); *Eby*, 136 Idaho at 539-40, 37 P.3d at 630-31. Whether the jury instructions fairly and adequately present the applicable law is reviewed de novo. *State v. Barton*, 154 Idaho 289, 290, 297 P.3d 252, 253 (2013).

No evidence of any express threat from Benitez to Boat was submitted at trial. Boat argues that the definition of threat includes implied threats. At the time of the incident, Boat claims she was impliedly threatened by Benitez's previous abusive actions not to tell officers where he was located. The jury instruction proposed by Boat defined threat as "a declaration of an intention to injure another by the commission of an unlawful act" and stated in relevant part: "The defendant contends that at the time the crime was committed, the defendant was acting under duress or coercion because the defendant was threatened by Jose Benitez and ordered by Jose Benitez to not tell police officers that he was in Lisa [Boat's] home." Boat's own jury instruction required that there be a verbal order from Benitez to Boat not to tell the police

3

officers that he was in her home. Thus, the State asserts that even if the definition of threat includes an implied threat, there is no evidence in the record that supports Boat's jury instruction.

The evidence presented by Boat to support her defense theory of duress and coercion is testimony that: (1) Benitez had a propensity for violence and had hit and attempted to strangle Boat in September 2013; (2) Boat denied multiple times that Benitez was in her home, but eventually "whispered" to an officer that he was hiding in the attic and told the officer that no one could convince Benitez to come out because Benitez "was willing to die rather than give up"; and (3) Benitez frequently called Boat derogatory names and had once shoved her. The record contains no evidence of Boat ever being ordered by Benitez not to tell police officers that he was in her home. Thus, no evidence supports Boat's jury instruction that Benitez threatened and ordered her not to tell police officers he was in her residence. A defendant's requested instruction does not need to be given if it is not supported by the facts of the case. *State v. Eastman*, 122 Idaho 87, 89, 831 P.2d 555, 557 (1992). Therefore, because there is no evidence to support Boat's jury instruction, the district court did not abuse its discretion by not submitting the instruction to the jury.

Boat notes that in *Eastman* the Supreme Court held that the term "threat," as used in I.C. § 18-201, "is a declaration of an intention to injure another by the commission of an unlawful act," and the term "menace" is synonymous with threat. *Eastman*, 122 Idaho at 89-90, 831 P.2d at 557-58. Boat contends that the "declaration" language in Eastman should not be read to foreclose an implied threat or, alternatively, that *Eastman* be overruled. Assuming without deciding that a threats and menaces instruction may be based upon an implied threat, the district court here did not err in determining that the instruction was not appropriate under the facts of this case. The district court recognized the past abuse of Boat by Benitez, but also recognized that there must be, but was not, some temporal "connection" to a threat. We agree that a reasonable view of the facts does not support giving the instruction in this case.[2]

---

[2] To the extent Boat argues that she was impliedly "ordered" by Benitez not to tell the police, there exists no support for such assertion.

4

## III.

## CONCLUSION

There is no reasonable view of the evidence that would support a jury finding that Boat's defense theory applied. Therefore, the district court did not abuse its discretion by refusing to instruct the jury as requested by Boat. Accordingly, we affirm Boat's judgment of conviction for harboring a wanted felon.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.